IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| HUBERT A., | * | |
| Claimant, | * | |
| v. | * | Civil Case No. GLR-18-3444 |
| COMMISSIONER OF SOCIAL SECURITY, | * | |
| Defendant | * | |

**REPORT AND RECOMMENDATIONS**

Plaintiff Hubert A. has filed a petition for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C § 2412, in the amount of $7,920.00. ECF 22. Because Plaintiff did not consent to a magistrate judge for all proceedings, his request for attorney's fees has been referred to me, pursuant to Standing Order 2014-01, for review and to make recommendations under 28 U.S.C. § 636(b)(1)(B) and Local Rule 301.5(b)(ix). The Commissioner stipulated and agreed with Plaintiff's counsel to make a payment in the amount of $6,400.00 to resolve the fee request. ECF 23. However, because a Report and Recommendations is just that, a recommendation subject to the District Court's review, I have comprehensively reviewed all of the supporting documents underlying Plaintiff's fee request herein. For the reasons set forth below, I recommend Plaintiff's Petition for Attorney's Fees be GRANTED in part and DENIED in part, and that fees be awarded in the amount of $6,000.00.

   I.  **BACKGROUND**

Plaintiff filed an application for Supplemental Security Income on December 6, 2016. ECF 13 at Tr. 176-81. Subsequent to a denial of benefits through the administrative appeals process, on November 7, 2018, Plaintiff petitioned this Court to review the Social Security

1

Administration's decision to deny his claim. ECF 1. After Plaintiff's case was fully briefed, including filing of a motion for summary judgment and a reply from Plaintiff's attorney, David F. Chermol, Esq., ECF 16, 19, this Court granted Plaintiff's motion and remanded his claim to the Social Security Administration ("SSA") under Sentence Four of 42 U.S.C. § 405(g), ECF 20, 21.

On July 27, 2019, Plaintiff timely filed the instant motion for attorney's fees for Mr. Chermol under the EAJA. ECF 22. Mr. Chermol sought $7,920.00 for 40 hours of work at the EAJA rate of $198 per hour, *id.*, although, as noted above, he subsequently agreed with the SSA to accept a fee of $6,400.00, ECF 23.

**II. ANALYSIS**

Under the EAJA, prevailing parties in civil actions brought by or against the United States are entitled to an award of attorney's fees and expenses unless the court finds the position of the government was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A); *Crawford v. Sullivan*, 935 F.2d 655, 656 (4th Cir. 1991). To receive attorney's fees, the prevailing party must submit a fee application and an itemized statement of fees to the court within thirty days of final judgment. *Id.*

Once the district court determines that plaintiffs have met the threshold conditions for an award of fees and costs under the EAJA, the district court must undertake the "task of determining what fee is reasonable." *Hyatt v. Barnhart*, 315 F.3d 239, 253 (4th Cir. 2002) (quoting *INS v. Jean*, 496 U.S. 154, 161 (1990)). Counsel "should submit evidence supporting the hours worked," and exercise "billing judgment" with respect to hours worked. *Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983). "Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority." *Id.* at 434 (quoting

*Copeland v. Marshall*, 205 U.S. App. D.C. 390, 401 (1980) (emphasis in original)). Further, the district court is accorded "substantial discretion in fixing the amount of an EAJA award," but is charged with the duty to ensure that the final award is reasonable. *Hyatt*, 315 F.3d at 254 (quoting *Jean*, 496 U.S. at 163).

Mr. Chermol's accounting of hours billed for work before this Court in Plaintiff's case totals 57.7 hours. He agreed to seek compensation for only 40 of those hours "in an act of billing discretion," ECF 22-1 at 3, likely because his bill included some clerical tasks which "are not compensable as attorney's fees.'" *Gates v. Barnhart*, 325 F. Supp. 2d 1342, 1348 (M.D. Fla. 2002) (quoting *Mobley v. Apfel*, 104 F. Supp. 2d 1357, 1360 (M.D. Fla. 2000)) (denying compensation for mailing a complaint and summons); *see also Magwood v. Astrue*, 594 F. Supp. 2d 557, 563 (E.D. Pa. 2009) (finding that clerical tasks should be excluded from the total attorney fee under the EAJA); *Chapman v. Astrue*, 2:08CV00040, 2009 WL 3764009 (W.D. Va. Nov. 9, 2009) (finding "purely clerical tasks are ordinarily a part of a law office's overhead and should not be compensated for at all").

I note that Mr. Chermol's documentation of the tasks he completed is done in block form, lumping several tasks into single time entries. ECF 22-1 at 2-3. A fee applicant has the burden of proving the reasonableness of hours for which compensation is requested by submitting to the court contemporaneous time records that show how the requested hours were allotted to specific tasks. *CoStar Grp., Inc. v. LoopNet, Inc.*, 106 F. Supp. 2d 780, 788 (D. Md. 2000). This Court would be within its discretion to reduce the fee award as a result of the improper billing entries. *See Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983) ("Where the documentation of hours is inadequate, [a] court may reduce the award accordingly"); *Project Vote/Voting for Am., Inc. v. Long*, 887 F. Supp. 2d 704, 716-17 (E.D. Va. 2012) (reducing a total fee award by ten percent

where attorneys provided vague and incomplete information and "block billed" or lumped several tasks under a single entry).

I note that, with the reduction already negotiated by the SSA, at the proposed rate of $198.00 per hour, Mr. Chermol is receiving compensation for just over 32 of his 57.7 billed hours. Nonetheless, the total requested award of $6,400.00 puts this case well above the recent attorney fees awarded by this Court for successful Social Security appeals in the same procedural posture. *See Valois v. Comm'r, Soc. Sec. Admin.*, No. SAG-18-3784 (awarding $1,687.50 on August 23, 2019); *Franklin v. Comm'r, Soc. Sec. Admin.,* No. SAG-18-3191 (awarding $1,260.00 on August 21, 2019); *Mitchell v. Comm'r, Soc. Sec. Admin.,* No. SAG-18-1320 (awarding $1,975.00 on August 19, 2019); *Hunsucker v. Comm'r, Soc. Sec. Admin.,* No. 15-3072-SAG (awarding $1,900.00 on August 19, 2019); *Powers-French v. Comm'r, Soc. Sec. Admin.,* No. 18-1850-SAG (awarding $1,765.73 on August 19, 2019); *Tarver v. Comm'r, Soc. Sec. Admin.,* No. 18-2416-SAG (awarding $5,400.00 on August 19, 2019); *Acosta v. Comm'r, Soc. Sec. Admin.,* No. 18-2015-SAG (awarding $1,720.00 on August 19, 2019); *Smith v. Comm'r, Soc. Sec. Admin.,* No. 18-2083-SAG (awarding $4,317.60 on August 20, 2019). In contrast, the case law cited by Mr. Chermol in support of the reasonableness of his fee petition are from other jurisdictions (not in this Court or in the Fourth Circuit), and are mostly more than a decade old, some even predating the widespread availability of online legal research tools such as Lexis and Westlaw. *See* ECF 22 at 2-3. In light of the block billing entries in this case, reducing this Court's ability to review Mr. Chermol's proposed hours for reasonableness, and the discrepancy between the fees sought in this case and the EAJA fees recently awarded by this Court in similarly situated matters, I recommend reducing the proposed award to $6,000.00, to

bring the award closer to (though still significantly higher than) the heartland of fee awards in like cases.

### III. CONCLUSION

Based on the foregoing, I recommend that the Court GRANT in part and DENY in part Plaintiff's Petition for Attorney's Fees. Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Fed. R. Civ. P. 72(b)(2) and Local Rule 301.5.b.

### IV. NOTICE TO PARTIES

Failure to file written objections to the proposed findings, conclusions and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report and such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.

Dated: August __, 2019          /s/
                                Stephanie A. Gallagher
                                United States Magistrate Judge